# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES R. RAYMUNDO,

    Plaintiff(s),

v.

HIPOLITO SALAZAR, et al.,

    Defendant(s).

2:13-CV-1997 JCM (PAL)

**ORDER**

Presently before the court is defendants Hipolito Salazar's ("Salazar"), Arrowhead Mills, Inc.'s ("Arrowhead"), and Hain Celestial Group, Inc.'s ("Hain") motion to change venue. (Doc. # 16). Plaintiff James Raymundo has filed a response (doc. # 17), and defendants have filed a reply (doc. # 20).

**I.  Background**

Plaintiff and defendant Salazar were involved in a motor vehicle accident on US-95 southbound, 7.4 miles south of Lake Havasu Road in San Bernardino County, California near the Nevada border. (Doc. # 17 at 2). After the accident, emergency personnel transported plaintiff to Sunrise Hospital in Las Vegas, Nevada for treatment. (Doc. # 17 at 6). As a result of alleged injuries sustained in the accident, plaintiff brought suit against defendants in Nevada. (Doc. # 16 at 2).

Plaintiff is, and at all relevant times has been, a resident of Nevada. (Doc. # 16 at 2). Plaintiff alleges the majority of his treating physicians and the emergency personnel who treated him are based in Nevada. (Doc. # 17 at 6). At the time of the accident, defendant Salazar was, and presently

**James C. Mahan**
**U.S. District Judge**

1  is, a resident of Texas. (Doc. # 16 at 2). Defendant Arrowhead is a Texas corporation with its
2  principal place of business in Texas. (Doc. # 16 at 2). Defendant Hain is a Delaware corporation with
3  its principal place of business in New York. (Doc. # 16 at 2).

## II. Legal Standard

The court may transfer a case to another forum where the case may have originally been filed "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), courts "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988) (quoting *Van Dusen v. Barrack*, 376 12 U.S. 612, 622 (1964)).

The district court must "balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). "A plaintiff's choice of forum is normally only given substantial deference if the plaintiff is a resident of the district in which the action is brought." *Miracle Blade, LLC. v. Ebrands Commerce Grp.*, LLC., 207 F. Supp. 2d 1136, 1155 (D. Nev. 2002).

In assessing a motion to transfer under § 1404(a), the court considers: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Miracle Blade, LLC.*, 207 F. Supp. 2d at 1155-56 (citing *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 89 F.R.D. 497, 499 (C. D. Cal.1981)).

A "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

## III. Discussion

Defendants assert that venue is more proper in state where the accident took place, California. Defendants argue that the court needs to weigh the convenience of plaintiff against the court's familiarity with California law. Defendants' core argument is that the accident occurred in San Bernardino, California, and because California law is the relevant substantive law in this case, California is more appropriate venue.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Plaintiff, in response, argues the costs of litigation in California, the fact that defendants are not California residents, the physical proximity of the accident to Nevada, and the defendants' business contacts in the state. Plaintiff also argues that defendants waived their right to move for a transfer of venue by filing an answer in this case. However, filing a timely answer does not waive the right to motion for change of venue. *Byers v. Graton*, 411 P.2d 480, 481 (Nev. 1966).

Because plaintiff is a resident of Nevada, there is a strong presumption that the case should remain in this district. Additionally, given that most of the treating physicians and emergency personnel reside in Clark County, it is clear that the District of Nevada is the most convenient location for the witnesses in this case. Additionally, the defendants fail to put forward any explanation as to how a transfer to California would be more convenient for them.

The fact that California law applies to this case does not necessitate a transfer to California. Indeed, United States district courts are equipped to apply the laws of different jurisdictions, and are well-versed in doing so. Therefore, considering the convenience of the parties and the witnesses as well as the interests of justice, the court finds that a transfer of this case to California is not warranted.

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to change venue (doc. # 16) be, and the same hereby is, DENIED.

DATED April 21, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 3 -